UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: 06-180-JGW

**DONALD SMITH, on behalf of himself
and all others similarly situated,**                         **PLAINTIFF**

**V.**

**KERRY CHEVROLET,**                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

On December 11, 2006, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636(c). Prior to the referral, on October 13, 2006 defendant moved to dismiss the complaint on grounds that the transaction which was the subject of the complaint exceeded $25,000 and therefore was outside the scope of the Truth in Lending Act. In response, plaintiff argued that additional discovery was required to prove or disprove the precise amount of the transaction(s) at issue.

On December 14, 2006, the undersigned granted plaintiff's Rule 56(f) request to conduct additional discovery and supplement his response to defendant's pending motion. The court directed plaintiff to "complete any additional discovery relating to the pending motion to dismiss and ... file his supplemental response to that motion not later than **January 31, 2007**, with defendant to file any reply memorandum not later than **February 14, 2007**."

Plaintiff filed an unopposed motion to amend his complaint on January 26, 2007, but otherwise failed to supplement his original October 27, 2006 response to defendant's pending motion. In his motion to amend his original complaint, plaintiff concedes that the credit transactions in question exceed $25,000, which takes them outside the scope of the Truth in

Lending Act. Plaintiff's amended complaint alleges no claims under the Truth in Lending Act, but brings new claims under the Fair Credit Reporting Act and the Equal Credit Opportunity Act.

Accordingly, **IT IS ORDERED THAT:**

1. The defendant's pending motion to dismiss [DE #9] is **denied as moot** in light of the fact that plaintiff's claims under the Truth In Lending Act have been voluntarily dismissed by their omission from plaintiff's amended complaint;

2. Upon the filing of defendant's answer to the amended complaint or the expiration of time for doing so, this matter shall be resubmitted to the undersigned for further review.

This the 2nd day of March, 2007.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge